IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANA VINCENT MCGRIFF          :
                              :
    v.                        :   Civil Action No. DKC 13-2021
                                  Criminal No. DKC 12-202
                              :
UNITED STATES OF AMERICA      :
                              :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is the motion of Petitioner Dana Vincent McGriff ("Mr. McGriff" or "Petitioner") to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 25).[1] The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Petitioner's motion will be granted in part.

I.  **Background**

Pursuant to a written plea agreement filed on April 18, 2012, Petitioner waived indictment and knowingly and voluntarily pled guilty to a two-count information charging him with possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1), and with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On July 9, 2012, the undersigned sentenced Petitioner to 100 months

---

[1] All citations to electronic court filings refer to the docket in the criminal case.

of imprisonment, followed by four years of supervised release. (ECF No. 18). Petitioner did not file a direct appeal. Instead, on July 12, 2013, Petitioner filed the instant Section 2255 motion. (ECF No. 25).[2] Petitioner raises four grounds for appeal: (1) ineffective assistance of counsel due to counsel's failure to file a direct appeal despite Petitioner's request that she do so; (2) ineffective assistance of counsel due to counsel's failure to move to suppress the firearm arm recovered during a search of Petitioner's residence; (3) improper sentencing based upon possession of 400 grams of heroin, instead of 100 grams, which was the amount charged in the criminal information; and (4) the improper application at sentencing of a two-level enhancement under the Sentencing Guidelines for possessing a firearm in connection with a drug offense. (*See* ECF No. 25). The Government responded on December 16, 2013 (ECF No. 37), and Petitioner replied (ECF No. 39).

**II. Standard of Review**

28 U.S.C. § 2255 requires a petitioner asserting constitutional error to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

---

[2] Petitioner filed a memorandum in support of his habeas petition on August 12, 2013. (ECF No. 27).

in excess of the maximum authorized by law." If the Section 2255 motion, along with the files and records of the case, conclusively shows that petitioner is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be summarily denied. *See* 28 U.S.C. § 2255(b).

**III. Analysis**

**A. Failure to File a Direct Appeal**

Petitioner asserts ineffective assistance of counsel because his attorney did not file a notice of appeal to the United States Court of Appeals for the Fourth Circuit despite Petitioner's request that she do so.[3] Under Rule 4(b)(1) of the Federal Rules of Appellate Procedure, Petitioner had fourteen days from the entry of judgment to file a notice of appeal. Petitioner's counsel did not file a notice of appeal within that time period. The United States Supreme Court has held that an attorney's failure to file an appeal, when requested by her client to do so, constitutes *per se* ineffective assistance of counsel. *See, e.g., Jones v. Barnes*, 463 U.S. 745, 751 (1983) (noting that the "fundamental decision" of whether to appeal rests with the defendant); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993) (holding that a court must vacate the original

---

[3] Petitioner was represented by LaKeytria Felder with the Office of the Federal Public Defender for the District of Maryland.

judgment and enter a new one from which an appeal can be taken if counsel was requested to appeal and failed to do so).

Petitioner alleges that he instructed counsel to file an appeal following his sentencing on July 9, 2012. He states that after sentencing, he turned to his attorney and asked if he can appeal the sentence. According to Petitioner, his attorney then asked whether that's what he wanted to do and to think about it and let her know. (ECF No. 27, at 3). Petitioner asserts that he subsequently told counsel, "yeah, I do want to appeal." (*Id.*). The Government responds that "[r]ather than conducting an evidentiary hearing to resolve any factual dispute about whether Petitioner did, in fact, direct his attorney to file an appeal, this Court should simply vacate the judgment and enter a new judgment to allow Petitioner to note an appeal." (ECF No. 37, at 3). The Government states that if Petitioner is able to file a direct appeal, the undersigned "should not address the merits of his [two] claims regarding his sentencing," because such claims will be considered if and when Petitioner files a direct appeal. (*Id.* at 4). Petitioner's motion to vacate is granted to the extent he challenges determinations made at sentencing and seeks relief due to his counsel's failure to file a timely notice of appeal. Accordingly, the judgment in the original case (ECF No. 20) will be vacated and the Clerk will be ordered to enter an amended judgment, identical in all respects

to the earlier judgment except for the date of entry. Petitioner's remaining claim for ineffective assistance of counsel based on failure to move to suppress the firearm will be considered.

### B. Failing to Move to Suppress the Firearm

Petitioner argues that his attorney rendered ineffective assistance because she failed to move to suppress the firearm that was recovered in Petitioner's home during the course of the execution of a search warrant. He states that his attorney should have moved to suppress because "the government never offered any proof that the weapon played any role in Petitioner's drug trafficking operation, but had proof [that] the firearm belong[ed] to Petitioner's wife legally." (ECF No. 27, at 6).

Claims of ineffective assistance of counsel are governed by the well-settled standard adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the *Strickland* standard, the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *See Strickland*, 466 U.S. at 687. To demonstrate actual prejudice, Petitioner must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A

petitioner who pleads guilty has an especially high burden in establishing an ineffective assistance claim.

Petitioner cannot show that his attorney's performance fell below an objective standard of reasonableness. As the Government points out, the firearm was recovered in Petitioner's bedroom closet during the execution of a search warrant. The search warrant for Petitioner's apartment expressly covered seizure of "firearms, including but not limited to, handguns, pistols, revolvers, rifles, shotguns, machine guns, ammunition and any other weapons." (ECF No. 37-5, at 2). Petitioner has not pointed to any asserted defect in the warrant or its execution sufficient to give rise to suppression, and certainly nothing that would overcome the good faith exception to the suppression remedy. *United States v. Leon*, 468 U.S. 897 (1984). He has not shown that counsel's failure to file a motion to suppress was error.

"Where, as here, a Sixth Amendment claim rests on trial counsel's failure to move to suppress evidence, establishing actual prejudice requires the petitioner to establish that the underlying claim is meritorious and there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Bone v. Polk*, 441 F.App'x 193, 198 (4th Cir. 2011); *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) ("Where defense counsel's failure to litigate a Fourth Amendment

6

claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence."). Petitioner fails to present any evidence that he would have prevailed at a suppression hearing. *See Bass v. United States*, Criminal Action No. RDB-08-496, 2013 WL 2635235, at *6 (D.Md. June 11, 2013) (denying ineffective assistance of counsel claim where the agreed facts reflected a search incident to a lawful arrest and petitioner failed to show he would have prevailed at a suppression hearing). Petitioner's argument that the firearm legally belonged to his wife is irrelevant to the constitutionality of the search pursuant to the warrant. Based on the foregoing, Petitioner's Section 2255 petition will be denied to the extent he asserts ineffective assistance of counsel based on counsel's failure to move to suppress the firearm.

### D. Certificate of Appealability

Because Petitioner's ineffective assistance of counsel claim based on the failure to move to suppress the firearm will be denied, the undersigned is required to issue or deny a certificate of appealability. A certificate of appealability is a "jurisdictional prerequisite" to an appeal "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review of the record, the undersigned finds that Petitioner does not satisfy the above standard. Accordingly, it will decline to issue a certificate of appealability on the issues which have been resolved against Petitioner.

**IV. Conclusion**

For the foregoing reasons, the motion to vacate filed by Petitioner will be granted in part and denied in part. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
